Per Curiam.

A reversal of the judgment of the Court of Appeals is warranted by either of two grounds presented by the record in this .case.
Plaintiff testified that he had passed the cover in question at least once a day for four or five months prior to the accident, and that he did not know of the alleged defect. He testified also that he walked the picket line for 20 minutes prior to the accident, was relieved from duty for a time and, shortly after returning to picket duty and with nothing obstructing his view or distracting his attention, tripped on the cover which was plainly visible. This failure to look and observe the condition of the sidewalk on which he was walking and had walked for four or five months was a failure to exercise ordinary care for his own safety, was negligence as a matter of law, proximately contributing to his injury, and is sufficient to defeat recovery.
Furthermore, the record does not disclose a defect of such *515 substantial nature as to impose liability on the defendant city under Section 723.01, Revised Code. Gallagher v. City of Toledo, ante, 508, and cases therein cited.
The judgment of the Court of Appeals is reversed, and final judgment is rendered for defendant.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias, Bell and Herbert, JJ., concur.